UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERYL DENISE SLATON, | No. 2:18-cv-00189-TLN-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| I.R.S., | |
| Defendant. | |

Presently pending before the court is plaintiff's second amended motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 8.) On January 31, 2018, the court denied plaintiff's first motion for leave to proceed *in forma pauperis* because plaintiff's affidavit in support of the motion was incomplete. (ECF No. 3.)

Then, on February 5, 2018, plaintiff filed her first amended motion for leave to proceed *in forma pauperis.* (ECF No. 4.) The court denied that motion and ordered plaintiff to pay the filing fee because, according to plaintiff's own affidavit, each month plaintiff received at least $1,000.00 in excess of her expenses, and her net annual income was nearly 200% of the 2018 poverty guidelines for a similarly situated individual. (See ECF No. 5 at 1–2.)

On April 16, 2018, plaintiff wrote to the court and indicated that she is unable to pay the $400.00 filing fee because she only receives $799.38 every two weeks from her job, and that she no longer receives the Social Security benefits that she had included on her prior affidavits to the

1

court. (ECF No. 6.) As a result, the court ordered plaintiff to file a second amended application to proceed *in forma pauperis*. (ECF No. 7.)

Plaintiff filed her second amended motion for leave to proceed *in forma pauperis* on April 30, 2018. (ECF No. 8.) The affidavit in support of the second amended motion indicates that plaintiff's net wages are $1,616.00 every two weeks, i.e., $42,016.00 annually. (ECF No. 8 at 1.) This is over twice what plaintiff claimed her wages were in her April 16, 2018 letter to the court.

However, plaintiff appears to have filled out her most recent affidavit, carefully. She clearly attests that her gross wages from Walmart are $1,819.00, and that her take-home wages are $1,616.00, every two weeks. (ECF No. 8 at 1.) Additionally, plaintiff carefully indicates that since March of 2018, she no longer receives any Social Security benefits due to overpayment, and that her minor granddaughter is dependent on plaintiff for 90% support. (Id. at 1–2.) Therefore, the court presumes that plaintiff is accurately reporting her income on her most recent affidavit.

According to the United States Department of Health and Human Services, the 2018 poverty guideline for a household of two, in the contiguous United States, is $16,460. See https://aspe.hhs.gov/poverty-guidelines (last visited May 16, 2018). Thus, plaintiff's net household income of $42,016.00 is approximately 255% of the 2018 poverty guidelines for a similarly situated individual.

Additionally, while plaintiff lists various monthly expenses on her latest affidavit, there is no indication how much these expenses total. (See ECF No. 8 at 2.) Most importantly, this latest affidavit demonstrates that plaintiff's net annual income is over $10,000.00 more than she reported on the last affidavit that the court rejected. (Compare ECF No. 4, with ECF No. 8.)

Presently, a filing fee of $400.00 is required to commence a civil action in this court. The court may authorize the commencement of an action "without prepayment of fees or security therefor" by a person that is unable to pay such fees or provide security therefor. 28 U.S.C. § 1915(a)(1). Here, the court cannot find that plaintiff is unable to pay, or provide security for, the court filing fee. To be sure, the court is sympathetic to the fact that plaintiff does not have a large income by any measure, and that plaintiff also has several expenses to contend with. However, numerous litigants in this court have significant monthly expenditures, and may have to make

difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court. Such difficulties in themselves do not amount to indigency.

Because plaintiff proceeds without counsel in this matter, the court has provided plaintiff multiple opportunities to amend her motion to proceed *in forma pauperis*. However, the court will not provide plaintiff endless opportunities to follow the court's rules and instructions. Indeed, as Eastern District Local Rule 183(a) explains:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended motion to proceed *in forma pauperis* (ECF No. 8) is DENIED.
2. The court will not entertain any further motions to proceed *in forma pauperis*.
3. Within 28 days of this order, plaintiff shall pay the applicable filing fee. However, the court will entertain a request for a reasonable extension of time to pay the fee should such an extension be necessary.
4. Failure to timely pay the filing fee, or timely request an extension of time to do so, may result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

Dated: May 18, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/ps.18.189.slaton v. irs.odaifp