UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERYL DENISE SLATON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>I.R.S.,<br><br>　　　　　Defendants. | No. 2:18-cv-00189-TLN-CKD (PS)<br><br>ORDER TO SHOW CAUSE |

Plaintiff Sheryl Denise Slaton, proceeding without counsel, commenced this action on January 29, 2018 and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.) The court denied this motion, but allowed plaintiff to submit two amended motions for leave to proceed *in forma pauperis*. (See ECF Nos. 3–8.)

After three attempts, plaintiff was unable to demonstrate that she is unable to pay, or provide security for, the court filing fee. (ECF No. 9 at 2.) On May 18, 2018, the court denied plaintiff's second amended motion to proceed *in forma pauperis* and indicated that it would not entertain any further such motions. (Id. at 3.) Plaintiff was ordered to pay the filing fee, or request a reasonable extension of time to do so, within 28 days. (Id.) Additionally, plaintiff was advised that failure to comply with the court's order might result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

////

1

Although the applicable deadline has now passed, plaintiff has failed to pay the filing fee or to request an extension of time to do so.

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case, or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

Eastern District Local Rule 110 similarly provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

E.D. Cal. L.R. 183(a).

////

Based on plaintiff's failure to follow the court's order and her failure to prosecute her case, the court has considered whether the action should be dismissed. However, in light of plaintiff's *pro se* status and the court's general preference to resolve actions on their merits, the court affords plaintiff a final opportunity to pay the filing fee and prosecute her case.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 14 days of this order:

    a. Plaintiff shall pay the applicable filing fee; and

    b. Plaintiff shall show cause in writing why this matter should not be dismissed based on her failure to follow the court's order (ECF No. 9) and her failure to prosecute her case.

2. Plaintiff's failure to pay the filing fee or file the required response shall constitute an additional ground for, <u>and plaintiff's consent to</u>, the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

Dated: June 28, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/ps.18.189.slaton v. irs.OSC